IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, FORT JAMES CORPORATION, and GEORGIA-PACIFIC LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION and INTERNATIONAL PAPER CO., <br><br> Defendants. | Civil Action No. 10-C-1087 |

___

**DEFENDANT NCR CORPORATION'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF NCR'S MOTION TO TRANSFER VENUE**
___

Defendant NCR Corporation ("NCR"), by and through its undersigned counsel, respectfully submits this expedited motion, pursuant to Eastern District of Wisconsin Civil Local Rule 7(h), for an order staying pretrial proceedings pending the Court's resolution of NCR's Motion to Transfer this action to the United States District Court for the Western District of Michigan. The grounds for transferring this action are set forth in NCR's Memorandum of Law in Support of Its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), which is filed contemporaneously with this Motion to Stay Proceedings. NCR has met and conferred with GP regarding whether GP would consent to the relief requested in this Motion. Counsel for GP stated that they might be willing to consent to such a Stay, but that they first want to review NCR's Motion to Transfer Venue.

The power of this Court to stay proceedings pending transfer is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with the

economy of time and effort for itself, for counsel, and for litigants'". Benge v. Eli Lilly & Co., 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Although "[t]he decision to grant a stay is committed to a court's discretion . . . that discretion must be exercised consistently with the principles of fairness and judicial economy". Walker v. Monsanto Co. Pension Plan, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006) (citations omitted); see also Hess v. Gray, 85 F.R.D. 15, 27 (D.C. Ill. 1979) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (internal quotation marks omitted)).

A stay may be granted if "the interests of justice require it, [if] adjudication of the claim would be a waste of judicial effort and [if] the plaintiff will not be substantially harmed by the delay". Hess, 85 F.R.D. at 27. A stay of proceedings in this action pending the Court's determination on NCR's Motion to Transfer will promote judicial economy, conserve judicial resources and prevent the parties from incurring unnecessary litigation costs. It would be inefficient for the parties to expend time and resources moving forward with the case in the Eastern District of Wisconsin if the case is subsequently transferred to the Western District of Michigan. By contrast, a temporary stay of proceedings will facilitate the uniform resolution of pretrial issues and promote efficiency.

Moreover, a stay will not prejudice any of the parties. This litigation is in its earliest stage: neither Defendant has responded to the Complaint, and no discovery has been sought or provided by any party. No substantive motions have been served or filed except this motion and the contemporaneously filed Motion to Transfer. A stay of proceedings pending the resolution of the discrete issues presented by NCR's Motion to Transfer will not cause unnecessary delay.

2

Case 1:10-cv-01087-WCG    Filed 01/18/11    Page 2 of 4    Document 18

WHEREFORE, NCR respectfully requests that this Court enter an Order staying proceedings pending a determination on NCR's pending Motion to Transfer, or granting such other relief as may be just and proper.

Dated: January 18, 2011

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

    /s/ Evan R. Chesler
Evan R. Chesler
(NY Bar No. 1475722)

Sandra C. Goldstein (NY Bar No. 2198745)
Darin P. McAtee (NY Bar No. 2564755)*
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

*Attorneys for NCR Corporation*

OF COUNSEL:

SIDLEY AUSTIN LLP
Kathleen L. Roach (IL Bar No. 6191432)
Evan B. Westerfield (IL Bar No. 6217037)
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson (WA Bar No. 9171)
Bradley M. Marten (WA Bar No. 13582)
1191 Second Avenue
Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

*Application for admission in the Eastern District of Wisconsin pending

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2011, I electronically filed Defendant NCR Corporation's Civil L. R. 7(h) Expedited Non-Dispositive Motion to Stay Proceedings using the ECF system, which will send notification of such filing by operations of the Court's electronic systems. Parties may access this filing via the Court's electronic system.

/s/ Evan R. Chesler
Evan R. Chesler