# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP,
FORT JAMES CORPORATION, and
GEORGIA-PACIFIC LLC,

                Plaintiffs,

           v.

NCR CORPORATION and
INTERNATIONAL PAPER CO.,

                Defendants.

**No. 1:10-CV-01087-WCG**

<u>**LIMITED RESPONSE OF DEFENDANT INTERNATIONAL PAPER COMPANY TO DEFENDANT NCR CORPORATION'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**</u>

A/73670941.2

**TABLE OF CONTENTS**

                                                                                              **Page**

I.      PRELIMINARY STATEMENT ........................................................................................ 1

II.     BACKGROUND ........................................................................................................... 2

III.    ARGUMENT ................................................................................................................. 3

        A.      Applicable Law .................................................................................................. 4

        B.      NCR's Discussion Of Convenience Factors Does Not Appear To Support
                Its Burden ........................................................................................................... 5

                1.      NCR Has Failed To Satisfactorily Refute Plaintiffs' Allegations
                        That Wisconsin Is The Site Of NCR's Arranger Activities And Of
                        Several Potentially Relevant Witnesses ...................................................... 5

                2.      NCR Has Not Shown That The Michigan Litigation Pertaining To
                        The Kalamazoo Site Warrants A Transfer Of This Case,
                        Particularly Given This Court's Familiarity With Similar Issues In
                        Litigation Pending Here ............................................................................... 6

        C.      NCR's Application Of The Interest Of Justice Factors Does Not Appear
                To Compel A Transfer Of This Case ................................................................... 7

                1.      Relationship Of Each Community To The Issues In Litigation ................ 7

                2.      Each Court's Familiarity With The Relevant Law And Case Issues
                        And Docket Congestion ............................................................................. 7

IV.     CONCLUSION .............................................................................................................. 8

A/73670941.2

## TABLE OF AUTHORITIES

**Page**

**Cases**

Appleton Papers Inc. v. George A. Whiting Paper Co.,
   2009 WL 5064049 (E.D. Wis. 2009).................................................................................. 3

*Maverick Mfg., Inc. v. Confidential Data Systems, Inc.*,
   No. 05-c-1094, 2006 WL 801021 (E.D. Wis. Mar. 29, 2006)..................................... 4

*Research Automation Inc. v. Schrader-Bridgeport Int'l, Inc.*,
   626 F.3d 973 (7th Cir. 2010) ............................................................................... 4, 7

**Statutes**

*28 U.S.C. § 1404(a)* ...................................................................................... 1, 3, 4, 7

A/73670941.2

## I. PRELIMINARY STATEMENT

Defendant International Paper Company ("International Paper"), by its undersigned counsel, submits this limited response (the "Response") to Defendant NCR Corporation's ("NCR") Motion to Transfer Venue Pursuant  28 U.S.C. § 1404(a) (the "Venue Motion"). International Paper is a new participant in this long-running dispute between NCR and Georgia-Pacific and its affiliates (collectively, "Georgia-Pacific" or "Plaintiffs") regarding potential CERCLA liability for PCBs at the Allied/Portage Creek/Kalamazoo River Superfund Site ("Site").  As such, International Paper is still investigating and reviewing the potentially relevant facts associated with the allegations in the case, as well as the arguments in the Venue Motion.

Based on its initial review and the information available at this time, International Paper does not currently object to venue in this Court.[1]  Moreover, it does not appear that NCR has demonstrated any compelling justification for a transfer of venue to the Western District of Michigan -- at least not any that International Paper has been able to independently and timely verify.  Georgia-Pacific and NCR have been deeply involved in litigation and environmental enforcement proceedings relating to CERCLA liability for carbonless copy paper ("CCP") containing PCBs for many years, and Georgia-Pacific's involvement in litigation and administrative proceedings at the Kalamazoo Site dates back a couple of decades.  In comparison, International Paper is new to this dispute regarding the Kalamazoo Site and has not yet developed information from which it can reasonably conclude whether the allegations and circumstances asserted by NCR in the Venue Motion warrant a transfer under 28 U.S.C. § 1404(a).  While Georgia-Pacific was apparently identified by regulators for its role at the Kalamazoo Site by 1990 and has been litigating issues relative to the Site since at least 1995 (*see*

---

[1] International Paper does not waive any affirmative or other defense including, without limitation, defenses relating to jurisdiction or venue.

A/73670941.2

Georgia-Pacific's Opp'n to Def. NCR Corp's. Mot. to Transfer Venue at 4 ("Georgia-Pacific Opp'n")), International Paper was not identified as a potentially responsible party and was unaware of its potential exposure at the Site until it received the General Notice Letter from EPA in November, 2010 and was sued in this action in December, 2010. As a result, International Paper has not had enough time to develop a clear understanding of the bases for the factual allegations in the Complaint and lacks sufficient information to engage in any meaningful analysis of the convenience or "interests of justice" factors relevant to the Venue Motion. Instead, International Paper must rely on the Venue Motion papers to determine whether there is a clear benefit from a transfer. No such benefit is readily apparent.

## II. BACKGROUND

In its Complaint, Georgia Pacific asserts CERCLA claims for contribution and reimbursement against NCR and International Paper. International Paper's alleged sole nexus to the Site is that International Paper's predecessor was the owner/lessor of one of the three paper mills on just one of the Site's five Operable Units (OU1) for the relatively brief period from 1954 to 1966. Compl. at ¶¶ 95-97. During this time-frame, International Paper's predecessor allegedly operated the mill for only <u>two years</u>. (Compl. at ¶ 95 ("between 1954 and 1956, St. Regis de-inked and [recycled] PCB-laden NCR broke and trim at the Bryant Mill . . .")). In 1956, International Paper's predecessor, St. Regis, allegedly leased its property to Allied Paper, Inc., which then bought the mill in 1966, ending International Paper's alleged nexus to the Site. (Compl. at ¶¶ 96, 100).

In contrast to International Paper's introduction to the Site just weeks ago, EPA identified Georgia-Pacific as a PRP for the Kalamazoo Site in 1990, two decades earlier. Venue Motion at 2-3. Furthermore, it appears that the primary, if not sole, source of PCBs at the Kalamazoo Site

was the de-inking and recycling of CCP alleged by Georgia-Pacific to have been almost exclusively arranged for disposal at the Site by NCR. (Compl. at ¶ 70).[2]

According to the Complaint, Georgia-Pacific has allegedly paid more than $79 million in connection with its performance of various administrative settlements, administrative orders on consent, and consent decrees it has entered into over the years to address PCB contamination at the Kalamazoo Site. (Compl. at ¶¶ 21-26). It appears that at least two of the orders were entered into in connection with OU-5 which is the Portage Creek and Kalamazoo River Sediments. (Compl. at ¶ 24). This work has included sediment excavation in the Kalamazoo River (Compl. at ¶¶ 24-25) and performance of a Supplemental Remedial Investigation/Feasibility Study on an 80-mile stretch of the Kalamazoo River (*Id.* at ¶ 25). Another was for the design and cleanup of OU-2, the Willow Boulevard/A-Site landfill and which obligates Georgia-Pacific to implement the Record of Decision, including construction of a permanent cap and installing a groundwater monitoring system. (Compl. at ¶ 21).

### III. ARGUMENT

NCR seeks to transfer venue of this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). *See* the Venue Motion at 1. Georgia-Pacific opposes the Venue Motion on the grounds that the case concerns activities which occurred in Wisconsin, many of the potential witnesses are in Wisconsin, and this Court is more familiar with the key legal and factual issues. Georgia-Pacific Opp'n. As explained above, International Paper has only recently been brought into this dispute, is getting up to speed on the extensive history of the Kalamazoo judicial and administrative actions, and is not in a position to express a strong preference for any venue at this time. However, based on a review of the allegations and arguments presented to date,

---

[2] International Paper understands that this Court is familiar with the circumstances surrounding the Complaint's allegations against NCR. See, e.g., Appleton Papers Inc. v. George A. Whiting Paper Co., 2009 WL 5064049 (E.D. Wis. 2009).

A/73670941.2

International Paper is not aware of sufficient facts to support arguments of convenience or "interest of justice" warranting transfer of venue.

## A. Applicable Law

Subsection (a) of 1404 provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As a threshold matter, the Court must decide whether the case could have been brought in the potential transferee court. *See* the Venue Motion at 7. It appears that NCR has properly alleged that the case could have been brought in the Western District of Michigan because it involves a federal question, the Western District of Michigan would have personal jurisdiction over NCR, and International Paper is subject to personal jurisdiction in the Western District of Michigan. *Id.* at 7. However, establishing that the case could have been brought somewhere else only begins the analysis.

## B. NCR's Discussion Of Convenience Factors Does Not Appear To Support Its Burden

### 1. NCR Has Failed To Satisfactorily Refute Plaintiffs' Allegations That Wisconsin Is The Site Of NCR's Arranger Activities And Of Several Potentially Relevant Witnesses

With respect to the convenience analysis under 1404, "courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. . . . Other related factors include the location of material events and the relative ease of access to sources of proof. . . ." *Research Automation Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (citations omitted). The party seeking a transfer of venue has the burden to show by reference to particular circumstances, "that the transferee forum is clearly more convenient." *Maverick Mfg., Inc. v. Confidential Data Systems, Inc.*, No. 05-c-1094, 2006 WL 801021 (E.D. Wis. Mar. 29, 2006) (Griesbach, J.). Regarding the ease of access to sources

A/73670941.2

of proof and availability of and access to witnesses, International Paper is disadvantaged by its unfamiliarity with the Site and the factual development of the relative liabilities that has been the subject of significant litigation and regulatory proceedings dating as far back as 1987 and without International Paper's participation. International Paper needs time to catch up and simply does not know at this point who its own witnesses are, let alone Georgia-Pacific's or NCR's, and thus cannot make the required analysis.

Nevertheless, the Site appears to have been the subject of numerous investigations and reports which, given the availability of electronic storage and transmission, should be readily accessible to the parties. Also, in light of Georgia-Pacific's lengthy and significant involvement at the Site and NCR's related litigation in this Court, Georgia-Pacific and NCR should already have access to these documents and other sources of proof. Furthermore, most environmental experts with the degree of sophistication required for a site of this complexity and magnitude have multiple offices across the country and need not be anchored in the jurisdiction where the property lies to be "convenient." The same notion would apply with equal force to the factor of access to and distance from resources. None of the parties appears to be incorporated or headquarted in Michigan.

Georgia-Pacific alleges that the paramount issues in the case have a closer nexus to Wisconsin as the site of NCR's arranger activities. (Compl. at ¶¶ 71-75). Georgia-Pacific identifies in its Opposition certain admissions of NCR regarding its relationship with Wisconsin. (*See* the Georgia-Pacific Opp'n at 9-10.). NCR admits certain allegations in its Answer to the Complaint ("NCR Answer") and admits producing CCP with PCBs. (NCR Answer at ¶¶34, 38, and 75). International Paper has no current basis to dispute plaintiffs' allegations that Wisconsin is the site of NCR's arranger activities and of several relevant witnesses. It also has no reason at

this time to question the undisputed testimony supplied by Georgia-Pacific regarding the alleged nexus between NCR and Wisconsin and between NCR's Wisconsin-originated CPP broke and trim and the Site.

In short, NCR has not effectively refuted Georgia-Pacific's testimony regarding relevant conduct and witnesses in Wisconsin, nor demonstrated any meaningful inability to depose or compel witnessess to appear in this District.

> **2. NCR Has Not Shown That The Michigan Litigation Pertaining To The Kalamazoo Site Warrants A Transfer Of This Case, Particularly Given This Court's Familiarity With Similar Issues In Litigation Pending Here**

Arguing that each of their choices provides a more efficient and fair forum, both NCR and Georgia-Pacific point to other related cases previously litigated or being litigated in their venue of preference. NCR and Georgia-Pacific were or are parties to these cases. However, until now, International Paper has not been a party to any litigation concerning the Kalamazoo Site and thus, cannot reasonably rely on general allegations that another court has such a significant level of background knowledge that this Court should transfer the case. NCR's assertion is not adequately supported by reference to facts. Moreover, given the apparent relevance of NCR's arranger activites in Wisconsin as discussed at length in Georgia-Pacific's opposition papers, it would appear that NCR has failed to satisfactorily demonstarate a clear justification for transfer. International Paper additionally notes that because both courts have had some experience with environmental issues particular to certain of the parties, the degree to which one would likely be more efficient is significantly reduced. NCR has therefore not demonstrated a clear benefit to tranferring this case.

6

**C.**   **NCR's Application Of The Interest Of Justice Factors Does Not Appear To Compel A Transfer Of This Case**

With regard to the "interest of justice" analysis under 1404(a), "courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums . . .; each court's relative familiarity with the relevant law . . .; the respective desirability of resolving controversies in each locale . . .; and the relationship of each community to the controversy . . . . The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result. . . ." *Research Automation*, 626 F.3d at 978 (citations omitted). These factors, as presented by NCR, do not clearly warrant transferring venue.

**1.**   **Relationship Of Each Community To The Issues In Litigation**

The subject matter of this case presumably involves a matter of significant concern to the community in and around the Kalamazoo River. The subject matter of this case, however, does appear to be less about the cleanup and more about the assessment and allocation of costs. *See* Georgia-Pacific Opp'n at 17-18.

**2.**   **Each Court's Familiarity With The Relevant Law And Case Issues And Docket Congestion**

International Paper is not a party to the other cases relating to the Site.[3] Nevertheless, it appears from decisions and opinions rendered by this Court that it is familiar with the relevant CERCLA law and issues relating specifically to certain parties in this case. NCR has made no allegation that the docket congestion factor favors Michigan.

---

[3] In fact, given Georgia-Pacific's 23-years of litigation concerning the Site in Michigan, it is unclear why it waited so long to sue International Paper.

A/73670941.2

# IV.  CONCLUSION

International Paper is not sufficiently familiar with the long history of the clean up actions, PRPs, and the numerous court and regulatory proceedings concerning the Kalamazoo Site to take a position at this time as to whether Michigan or Wisconsin would be the most convenient and appropriate forum for this case.  However, it does not appear that NCR has adequately carried its burden by identifying a clear need to transfer this case.  Given the limited information that International Paper does know and what it can glean from the Complaint and the parties' briefs, it does not object at this time to venue in this Court.

February 18, 2011

Respectfully submitted,

**INTERNATIONAL PAPER COMPANY**
      s/ R Raymond Rothman_____
R Raymond Rothman, SBN 142437
BINGHAM MCCUTCHN LLP
355 S. Grand Avenue, 44th Floor
Los Angeles, CA  90071
Phone: (213) 680-6590
Fax:    (213) 680-6499
Email: rick.rothman@bingham.com

Ian A.J. Pitz, SBN 1031602
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, Wisconsin 53701-1806
Phone: (608) 257-3501
Fax: (608) 283-2275
Email: iapitz@michaelbest.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**LIMITED RESPONSE OF DEFENDANT INTERNATIONAL PAPER COMPANY TO DEFENDANT NCR CORPORATION'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 18, 2011, at Los Angeles, California.

Cynthia R. Hirsch
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St.
P. O. Box 7857
Madison, WI 53707-7857

s/ R Raymond Rothman
R Raymond Rothman, SBN 142437
BINGHAM MCCUTCHN LLP
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
Phone: (213) 680-6590
Fax:    (213) 680-6499
Email: rick.rothman@bingham.com

9

A/73670941.2